ADAM L. BRAVERMAN
United States Attorney
P. KEVIN MOKHTARI
Assistant U.S. Attorney
California Bar No. 253283
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8402
Kevin.Mokhtari@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-CR-0872-JLS |
|---|---|
| Plaintiff, | JOINT MOTION FOR PROTECTIVE ORDER |
| v. | |
| MEGAN RENEE BROWN (11), | |
| Defendant. | |

      The parties, United States of America, by and through its counsel Adam L. Braverman, United States Attorney, and P. Kevin Mokhtari, Assistant United States Attorney, and the above-captioned defendant, through the attorney, hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure for this Court to enter a Protective Order pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigations. The parties jointly agree to the following:

      1.    All discovery produced by the United States in this case is for use by the defense team solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The defense team may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense team except as further set forth herein. The phrase "defense team," as used in this order, includes the defendant, attorneys of record in the case, as well as attorneys, paralegals,

investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendant.

2. Defendant, counsel of record, and the counsels' assistants, as hereafter defined, shall not disclose the substance of any discovery material received from the United States in the above-captioned matter, to any third party, unless such material is already a matter of public record, without prior approval of this Court.

3. Counsel of record shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms.

4. The defense team shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5. The defense team may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense team informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

6. Defense counsel shall be required to communicate the substance of this order and explain it to his/her client and members of the defense team before disclosing the substance of the discovery to his/her client or members of the defense team.

7. If defense counsel withdraws or is disqualified from participation in this case, the defense team shall provide to new counsel or return to the United States any and all copies of the discovery within 10 days. Within thirty (30) days of withdrawal or disqualification from participation in this case, a withdrawing or disqualified defense counsel must also submit in this matter a declaration under oath attesting to the return and/or destruction of the discovery and any copies in accordance with this Order.

8. The defense agrees to return to the United States the originals and to destroy any and all copies of the discovery within thirty (30) days of the conclusion of proceedings in the above-referenced case, including any appeal. Within thirty (30) days

of the conclusion of proceedings in the above-referenced case, including any appeal, all counsel of record for the defendant must also submit in this matter a declaration under oath attesting to the return and/or destruction of the discovery and any copies in accordance with this Order.

9. The parties further agree to abide by Fed. R. Crim. P. 16(d) and 49.1(e) along with General Order No. 514 of the United States District Court for the Southern District of California, which requires that any filings referencing or containing an individual's personal information must be redacted in a manner consistent with said General Order

10. Nothing in this order precludes any party from using discovery materials in a filing that complies with General Order No. 514-C or during a hearing or trial.

DATED: March ___, 2018                    Respectfully Submitted,

                                          ADAM L. BRAVERMAN
                                          United States Attorney

                                           *s/ P. Kevin Mokhtari*
                                          P. KEVIN MOKHTARI
                                          Assistant U.S. Attorney

                                           *s/ Danielle R. Iredale*
                                          DANIELLE R. IREDALE
                                          Attorney for Defendant
                                          Megan Renee Brown