UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-CR-0872-JLS |
|---|---|
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| MEGAN RENEE BROWN (11), | |
| Defendant. | |

This matter comes before the Court on the Joint Motion for Protective Order filed pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure. Upon consideration of this motion:

1. IT IS HEREBY ORDERED that all discovery produced by the United States in this case is for use by the defense team solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The defense team may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense team except as further set forth herein. The phrase "defense team," as used in this order, includes the defendant, attorneys of record in the case, as well as attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendant.

2. IT IS HEREBY ORDERED that the defense team must not disclose the substance of any discovery material received from the United States in the above-

1

captioned matter, to any third party, unless such material is already a matter of public record, without prior approval of this Court.

3. IT IS HEREBY ORDERED that counsel of record must sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms.

4. IT IS HEREBY ORDERED that the defense team must take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

5. IT IS HEREBY ORDERED that the defense team may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense team informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

6. IT IS HEREBY ORDERED that defense counsel is required to communicate the substance of this order and explain it to his/her client and members of the defense team before disclosing the substance of the discovery to his/her client or members of the defense team.

7. IT IS HEREBY ORDERED that if defense counsel withdraws or is disqualified from participation in this case, the defense team must provide to new counsel or return to the United States any and all copies of the discovery within 10 days. Within thirty (30) days of withdrawal or disqualification from participation in this case, a withdrawing or disqualified defense counsel must also submit in this matter a declaration under oath attesting to the return and/or destruction of the discovery and any copies in accordance with this Order.

8. IT IS HEREBY ORDERED that the defense must return to the United States the originals and to destroy any and all copies of the discovery within thirty (30) days of the conclusion of proceedings in the above-referenced case, including any appeal. Within thirty (30) days of the conclusion of proceedings in the above-referenced

case, including any appeal, all counsel of record for the defendant must also submit in this matter a declaration under oath attesting to the return and/or destruction of the discovery and any copies in accordance with this Order.

9. IT IS HEREBY ORDERED that the parties will abide by Fed. R. Crim. P. 16(d) and 49.1(e) along with General Order No. 514 of the United States District Court for the Southern District of California, which requires that any filings referencing or containing an individual's personal information must be redacted in a manner consistent with said General Order.

IT IS SO ORDERED.

Dated: March 19, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge